CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 15 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNIE MCFARLIN, #237545,<br>    Plaintiff,<br><br>v.<br><br>K.J. BASSETT, et al.,<br>    Defendants. | Case No. 7:05-CV-00023<br><br>By:   Michael F. Urbanski<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Donnie McFarlin, a Connecticut inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In an Order dated April 7, 2005, this matter was referred to the undersigned magistrate judge for report and recommendation as to any dispositive motions. This matter is before the court for report and recommendation on plaintiff's motion for summary judgment (Docket No. 10).

Essentially, plaintiff wants the court to enter default judgment against defendants because they have not yet answered his complaint. Defendants have indicated that they were not aware of the pendency of plaintiff's lawsuit and the court has found good cause to give defendants an extension of time. The court's review of the circumstances surrounding this lack of notice leads to the conclusion that the Clerk's Office did not properly serve defendants with the complaint. Defendants have now been properly served. As such, it is the recommendation of the undersigned that plaintiff's motion for summary judgment be denied.

I

Plaintiff alleges that he is being denied the Common Fare diet necessitated by his Islamic religious beliefs. Plaintiff indicates that he has missed over one hundred meals and that he now

1

weighs only 117 lbs. (Compl. at 4.)

In his motion for summary judgment, plaintiff indicates that defendants have had time to respond to his complaint and have not yet done so. (Pl.'s Mot. Summ. J. at 1.) He states that he has all of the receipts from the court. Id. at 2.

Since plaintiff filed his motion for summary judgment, defendants have moved for an extension of time. (See Def.'s Mot. for Extension of Time, Docket No. 8.) Defendants assert that the paperwork for plaintiff's case never made its way to the Correctional Litigation Section of the Virginia Office of the Attorney General and that counsel was unaware that any response was yet due. Id. at 1-2. Counsel requested that the clerk send an additional service package to them such that counsel could file responsive pleadings. Id. at 2. The court has granted defendants' motion for extension of time. (See Order, Docket No. 11.)

## II

The court treats plaintiff's motion for summary judgment as a motion for default judgment under Rule 55. Rule 55(a) indicates that default judgment is appropriate

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Here, defendants have asserted that they did not receive the service packet notifying them that plaintiff had sued them even though there are indications that someone at the Office of the Virginia Attorney General received something from the court regarding this case. A review of the docket indicates that defendants were served as if this case were a habeas petition and not a tort action under § 1983. As such, defendants were not provided with waivers of service

2

beginning the calendar of when materials for this case were due.

The court already has found that there is good cause for giving defendants an extension of time in this case. As it was the court's fault, and not defendants, that this case has not proceeded, it would be improper to punish them for the court's errors. Defendants have returned waivers of service since plaintiff filed his motion and it is inappropriate to enter default judgment against defendants at this time. As such, it is the recommendation of the undersigned that plaintiff's motion for summary judgment be **DENIED**.

### III

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

ENTER: This 5 day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

3

Case 7:05-cv-00023-SGW-mfu   Document 16   Filed 06/15/05   Page 3 of 3   Pageid#: 79